Thomas D. Rutledge, (SBN 200497)
Attorney-at-Law
3555 Fifth Avenue, Suite 203
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939


Attorneys for Plaintiff
POUYA ABDOLRASOUL

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POUYA ABDOLRASOUL, an individual, on behalf of himself and other similarly situated people,<br><br>Plaintiffs,<br><br>vs.<br><br>Defendant MOHELA, a non-profit corporation; and DOES 1-100<br><br>Defendants. | Case No. **'15CV2167 BAS NLS**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, _et seq._**<br><br>**[DEMAND FOR JURY TRIAL]** |

- 1 -

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

**INTRODUCTION**

1.      Plaintiff, POUYA ABDOLRASOUL ("Plaintiff"), brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant MOHELA ("Defendant  MOHELA" or "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

**JURISDICTION AND VENUE**

2.      This Court has federal question jurisdiction because this case arises out of violations of federal law.  (47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).)

3.      This action arises out of Defendant's violation of the TCPA.

4.      Because Defendant is believed to conduct business within the State of California, county of San Diego, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of San Diego; (ii) the misconduct complained of herein occurred within this judicial district; and (iii) many, if not all, of the acts and transactions giving rise to this action occurred in this district.

**THE PARTIES**

6.      Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Plaintiff is informed and believes that Defendant MOHELA is and at all times mentioned herein was a non-profit corporation conducting and engaging in business in the County of San Diego, California and maintains it headquarters in Chesterfield, Missouri.

9.      Plaintiff is informed and believes, and thereupon alleges, that Defendant

- 2 -

MOHELA is a "person" as that term is defined by 47 U.S.C. § 153(39).

## RELEVANT FACTS

10.     Defendant MOHELA is generally engaged in the debt collection business and conducts debt collection activities on a nationwide basis.

11.     Plaintiff owes no debt to any creditor associated with Defendant MOHELA whatsoever.

12.     Sometime in or before July 2015, however, Defendant MOHELA began making collection calls to Plaintiff's cellular telephone.

13.     Defendant MOHELA placed collection calls to Plaintiff's cellular telephone at phone number ending in "1030."

14.     Per its business practices, each of Defendant MOHELA's calls were placed using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and/or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

15.     At no time did Plaintiff consent, express or implied, to receive such unsolicited telephone calls from Defendant.

16.     Through the unsolicited telephone calls, Defendant MOHELA contacted Plaintiff's cellular telephone for debt collection purposes via an ATDS and/or artificial or pre-recorded voice as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

17.     Upon information and belief, the ATDS used by Defendant MOHELA to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     The telephone number Defendant MOHELA called was assigned to cellular telephones service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     These telephone calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

20.     Plaintiff did not provide Defendant MOHELA or its agent with prior express or implied consent to receive telephone calls to his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

21.     These unsolicited telephone calls by Defendant MOHELA, or its agent, violated 47 U.S.C. § 227(b)(1).

22.     On July 24, 2015, in an attempt to meet and confer and investigate this matter, Plaintiff, via counsel, sent correspondence to Defendant MOHELA informing it that it was Plaintiff's position that he never had an account with MOHELA or anyone associated with MOHELA.

23.     Plaintiff's letter also requested the production of documents in support of Defendant's contention that Plaintiff had an account with MOHELA.

24.     Plaintiff's counsel also requested that MOHELA provide him with any and all documents showing that Plaintiff gave MOHELA express consent to call him on his cellular telephone.  A true and correct copy of Plaintiff Counsel's July 24, 2015 letter is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

25.     On or about August 3, 2015, Defendant MOHELA replied to Plaintiff counsel's July 24, 2015 letter admitting it had no relationship with Plaintiff.  No documents were provided.  A true and correct copy of Defendant MOHELA's letter dated August 3, 2015 is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

**CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this action on behalf of themselves and on behalf of all other similarly situated ("the Class").

27.     Plaintiff represents, and is a member of the Class, consisting of:

> **All persons within the United States who received any telephone call(s), not made for emergency purposes, from Defendant MOHELA or its agent(s) and/or employee(s) to said person's cellular telephone made through the use of any automatic telephone dialing system and/or within an artificial**

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

**or pre-recorded voice, without receipt of the recipient's prior express consent, within four years prior to the filing of the Complaint.**

28.     Defendant MOHELA and its employees or agents are excluded from the Class.

29.     Plaintiff does not know the number of members in the Class, but believes Class members exceed a thousand members, if not more.

30.     Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31.     Plaintiff and members of the Class were harmed by the acts of Defendant MOHELA in at least the following ways: Defendant MOHELA, either directly or through its agents, illegally contacted Plaintiff and the Class members via an ATDS and/or a pre-recorded voice on their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.

32.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

33.     Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

35.     The Class can be identified through Defendant's records or Defendant's agents' records.

36.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

- 5 -

37.     The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

(a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

(b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

(c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future; and

(d) Whether Plaintiff and the Class are entitled to any other relief.

38.     As a person who received at least one unsolicited telephone call without Plaintiff's prior express consent to his cellular telephone, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.

40.     Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

41.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

42.     A class action is a superior method for the fair and efficient adjudication of this controversy.

43.     Class-wide damages are essential to induce Defendant to comply with federal and California law.

44.     The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.

45.     Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the TCPA

(Against all Defendants)

47.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

48.     The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

49.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the TCPA

### (Against all Defendants)

51.   Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

52.   The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

53.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant.

1.   An order that this action may proceed and be maintained as a class action;

2.   For appointment of the Plaintiff as the representative of the Class;

3.   For appointment of counsel for Plaintiff as Class Counsel;

4.   That the Court find that Defendants' violations as described above are found to have been willful;

5.   As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

6.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §

MASHIRI LAW FIRM
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

- 8 -

227(b)(3)(B).

7.  Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

8.  That Plaintiff and/or the Class be awarded reasonable attorneys' fees where available by law;

9.  For costs of suit herein incurred; and

10. For other and further relief as the court may deem proper.

DATED:    September 29, 2015          **MASHIRI LAW FIRM**
                                      A Professional Corporation

                                      By: /s/Alex Asil Mashiri
                                      Alex Asil Mashiri
                                      Attorney for Plaintiff
                                      POUYA ABDOLRASOUL

**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive # 500694
San Diego, California 92150
Telephone: (858) 348-4938
Facsimile: (858) 348-4939

- 9 -

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF