**THOMPSON COBURN LLP**
**HELEN B. KIM (SBN 138209)**
hkim@thompsoncoburn.com
2029 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 282-2500
Facsimile: (310) 282-2501

Attorneys for Defendant MOHELA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POUYA ABDOLRASOUL, an individual on behalf of himself and all other similarly situated people,<br><br>Plaintiffs,<br><br>vs.<br><br>MOHELA, a non-profit corporation; and DOES 1-100,<br><br>Defendants. | CASE NO. 3:15-cv-02167-BAS-NLS<br><br>**ANSWER TO COMPLAINT, DEMAND FOR JURY**<br><br>The Hon. Cynthia Bashant |

Defendant HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI ("MOHELA") files this Answer in response to the Class Action Complaint For Damages And Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") ("Complaint") of Plaintiff POUYA ABDOLRASOUL.

## INTRODUCTION

1. MOHELA states that the best evidence of the TCPA is the statute itself, as well as the Federal Communications Commission's interpretative decisions. MOHELA specifically denies that it acted negligently, that it intentionally contacted Plaintiff, that it violated the TCPA, that it engaged in any "illegal actions," and that it "invad[ed] Plaintiff's privacy." Answering further, MOHELA states that the allegations contained in Paragraph 1 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. MOHELA admits in part and denies in part the allegations in Paragraph 2. MOHELA admits that the Court has jurisdiction over the alleged violations, but denies that any violations occurred.

3. MOHELA denies all allegations contained in Paragraph 3.

4. MOHELA admits only that it has conducted business within the State of California. MOHELA states that the remaining allegations contained in Paragraph 4 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the remaining allegations contained in Paragraph 4.

5. MOHELA denies that it engaged in any misconduct within this judicial district. MOHELA is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether Plaintiff resides in the City of San Diego and whether "many, if not all, of the acts and transactions giving

rise to this action occurred in this district." MOHELA states that the remaining allegations contained in Paragraph 5 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the remaining allegations contained in Paragraph 5.

## THE PARTIES

6. MOHELA is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 6.

7. MOHELA admits the allegations contained in Paragraph 7.

8. MOHELA admits that it has conducted business within the State of California. MOHELA admits its headquarters are in Chesterfield, Missouri. MOHELA denies the remaining allegations contained in Paragraph 8.

9. MOHELA denies the allegations in Paragraph 9. Answering further, MOHELA states that it is a public instrumentality and body politic and corporate of the State of Missouri.

## RELEVANT FACTS

10. MOHELA denies all allegations contained in Paragraph 10.

11. MOHELA admits that Plaintiff does not owe a debt directly to it. As to Plaintiff's allegation that he "owes no debt to any creditor associated with Defendant MOHELA whatsoever," MOHELA is without sufficient knowledge or information to form a belief as to the truth of that allegation and therefore denies it.

12. MOHELA admits only that it placed calls to a cellular telephone number allegedly owned, used, or carried by Plaintiff. Answering further, MOHELA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and therefore denies them.

13. MOHELA admits only that it placed calls to a cellular telephone number ending in x1030 allegedly owned, used, or carried by Plaintiff. Answering further, MOHELA is without sufficient knowledge or information to form a belief

as to the truth of the remaining allegations contained in Paragraph 13 and therefore denies them.

14. MOHELA states that the allegations contained in Paragraph 14 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the allegations contained in Paragraph 14.

15. MOHELA admits, based on its investigation to date, that Plaintiff did not expressly consent to receive telephone calls. Answering further, MOHELA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore denies them.

16. MOHELA states that the allegations contained in Paragraph 16 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the allegations contained in Paragraph 16.

17. MOHELA states that the allegations contained in Paragraph 17 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the allegations contained in Paragraph 17.

18. MOHELA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19. MOHELA admits the allegations contained in Paragraph 19.

20. MOHELA admits, based on its investigation to date, that Plaintiff did not expressly consent to receive telephone calls. Answering further, MOHELA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and therefore denies them.

21. MOHELA states that the allegations contained in Paragraph 21 are legal conclusions, to which no response is required. To the extent a response is required, MOHELA denies the allegations contained in Paragraph 21.

22. MOHELA admits only that the July 24, 2015 letter was sent by Plaintiff's counsel and received by MOHELA. MOHELA states that the best

evidence of the contents of the letter is the letter itself. Answering further, MOHELA denies all allegations that are inconsistent with the terms of the letter. MOHELA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and therefore denies them.

23. MOHELA states that the best evidence of the contents of the July 24, 2015 letter is the letter itself. Answering further, MOHELA denies all allegations that are inconsistent with the terms of the letter.

24. MOHELA admits that the July 24, 2015 letter was sent by Plaintiff's counsel and received by MOHELA. MOHELA further admits a copy of the letter is attached as Exhibit 1. MOHELA states that the best evidence of the contents of the letter is the letter itself. Answering further, MOHELA denies all allegations that are inconsistent with the terms of the letter.

25. MOHELA admits that it authored and sent the August 3, 2015 letter. MOHELA further admits a copy of the letter is attached as Exhibit 2. MOHELA states that the best evidence of the contents of the letter is the letter itself. Answering further, MOHELA denies all allegations that are inconsistent with the terms of the letter.

## CLASS ACTION ALLEGATIONS

26. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 26.

27. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 27.

28. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 28.

29. MOHELA specifically denies that the number of putative class members exceeds a thousand members. Answering further, MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 29.

30. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 30.

31. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 31.

32. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 32.

33. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 33.

34. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 34.

35. MOHELA specifically denies that there is a class or that a putative class could be identified through MOHELA records. Answering further, MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 35.

36. MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 36.

37. MOHELA denies that Plaintiff has any claim for relief, denies that

class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 37.

38. MOHELA specifically denies that Plaintiff's claims are typical of the alleged class or that Plaintiff would be an adequate representative of the alleged class. Answering further, MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 38.

39. MOHELA denies the allegations of Paragraph 39.

40. MOHELA specifically denies that it violated the law, engaged in any illegal conduct, caused any wrongs, and that any individual was irreparably harmed. Answering further, MOHELA denies that Plaintiff has any claim for relief, denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 40.

41. MOHELA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies them.

42. MOHELA denies the allegations contained in Paragraph 42.

43. MOHELA denies the allegations contained in Paragraph 43.

44. MOHELA denies that class certification of this case is appropriate, and further denies all remaining allegations contained in Paragraph 44.

45. MOHELA denies the allegations contained in Paragraph 45.

46. MOHELA denies the allegations contained in Paragraph 46.

## FIRST CAUSE OF ACTION

### Negligent Violations of the TCPA

47. Paragraph 47 of Plaintiff's Complaint does not contain any allegations which have not already been admitted or denied. MOHELA re-alleges and incorporates its answers to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

| | |
|---|---|
| 1 | 48. MOHELA denies the allegations contained in Paragraph 48. |
| 2 | 49. MOHELA denies the allegations contained in Paragraph 49. |
| 3 | 50. MOHELA denies the allegations contained in Paragraph 50. |

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the TCPA

51. Paragraph 51 of Plaintiff's Complaint does not contain any allegations which have not already been admitted or denied. MOHELA re-alleges and incorporates its answers to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. MOHELA denies the allegations contained in Paragraph 52.

53. MOHELA denies the allegations contained in Paragraph 53.

54. MOHELA denies the allegations contained in Paragraph 54.

## PRAYER FOR RELIEF

FURTHER ANSWERING, MOHELA denies that Plaintiff is entitled to any relief whatsoever and therefore denies that any relief should be awarded pursuant to Plaintiff's *ad damnum* clause (or "Wherefore" clause) at the end of the Complaint. Specifically, MOHELA denies Plaintiff's entitlement to all relief requested under sub-paragraphs (1) through (10) of Plaintiff's prayer for relief. MOHELA further denies that Plaintiff is entitled to attorneys' fees under the TCPA, which does not contain an attorneys' fees provision.

55. MOHELA admits that Plaintiff is entitled to demand a trial by jury. MOHELA denies that Plaintiff's Complaint raises any triable issue.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

56. MOHELA alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

57. MOHELA alleges that Plaintiff and the putative class have not suffered

any damages as a result of MOHELA's alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

58. MOHELA alleges that Plaintiff cannot prevail on his claims against MOHELA because MOHELA acted in good faith conformity and in reliance upon all applicable laws, rules, and regulations, and was further privileged in its actions.

### FOURTH AFFIRMATIVE DEFENSE

59. To the extent the TCPA applies to MOHELA's alleged actions (which MOHELA specifically denies) and there was a violation of the TCPA (which MOHELA specifically denies), MOHELA is exempted from liability because the alleged TCPA violations were unintentional and resulted from a bona fide error, despite the fact that MOHELA maintains procedures reasonably adapted to avoid any such violations.

### FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff's request for reasonable attorneys' fees is improper and should be stricken as the TCPA does not provide for the recovery of attorneys' fees.

### SIXTH AFFIRMATIVE DEFENSE

61. MOHELA alleges that Plaintiff lacks standing to pursue his claims because he did not suffer an injury. *See Spokeo, Inc. v. Robins*, 135 S.Ct. 1892 (2015) (granting certiorari).

### SEVENTH AFFIRMATIVE DEFENSE

62. MOHELA alleges that Plaintiff's claims are barred because MOHELA has immunity pursuant to the Eleventh Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

63. MOHELA alleges that Plaintiff's claims are barred by the federal contractor defense because MOHELA, as a federal contractor, is protected from private damage suits under the TCPA pursuant to the doctrine of derivative sovereign immunity and further under the government contractor defense as

enunciated by the United States Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

### NINTH AFFIRMATIVE DEFENSE

64. MOHELA alleges that Plaintiff's claims regarding an alleged putative class fail because the numerosity requirement is not met.

### TENTH AFFIRMATIVE DEFENSE

65. MOHELA alleges that Plaintiff's claims regarding an alleged putative class fail because the typicality requirement is not met.

### ELEVENTH AFFIRMATIVE DEFENSE

66. MOHELA states that its investigation of this matter is ongoing, and MOHELA hereby reserves the right to state additional defenses and affirmative defenses as applicable to the claims alleged herein.

WHEREFORE, having fully answered, MOHELA respectfully requests that the Court grant judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award MOHELA its costs, and grant any further relief the Court deems proper.

DATED: November 9, 2015        THOMPSON COBURN LLP

By: *s/ Helen B. Kim*
**HELEN B. KIM**
Attorneys for Defendant HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI
E-mail: hkim@thompsoncoburn.com

| | |
|---|---|
| 1 | **<u>PROOF OF SERVICE</u>** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |
| 3 | At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 1900, Los Angeles, CA 90067. |
| 4 | |
| 5 | On November 9, 2015, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT, DEMAND FOR JURY TRIAL** on the interested parties in this action as follows: |
| 6 | |
| 7 | **SEE ATTACHED SERVICE LIST** |
| 8 | **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules. |
| 9 | |
| 10 | |
| 11 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |
| 12 | |
| 13 | Executed on November 9, 2015, at Los Angeles, California. |
| 14 | |
| 15 | _____ |
|    | Michelle Wessman |

6262725

PROOF OF SERVICE

| | |
|---|---|
| **SERVICE LIST** | |
| ***Pouya Abdolrasoul v. MOHELA*** | |
| **3:15-cv-02167-BAS-NLS** | |

| | |
|---|---|
| Alex Asil Mashiri, Esq.<br>Mashiri Law Firm<br>11251 Rancho Carmel Drive<br>Suite 500694<br>San Diego, CA  92150<br>Telephone:  858.348.4938<br>Facsimile:  858-348-4939<br>Email:  alexmashiri@yahoo.com | Attorneys for Plaintiff |
| Thomas D. Rutledge, Esq.<br>Law Office of Thomas D. Rutledge<br>3555 Fifth Avenue, Suite 203<br>San Diego, CA  92103<br>Telephone:  619-866-7224<br>Facsimile:  619-259-5455<br>Email:  thomasrutledgelaw@gmail.com | Attorneys for Plaintiff |